FILED

2020 MAR 16 PM 4: 29

SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ZHONG YE INC. (GUAM),<br><br>            Plaintiff,<br><br>vs.<br><br>**PACIFIC K&C CORPORATION,**<br><br>            Defendant. | **CIVIL CASE NO. CV0739-14** |
| **PACIFIC K&C CORPORATION,**<br><br>            Counterclaimant,<br><br>vs.<br><br>**ZHONG YE INC. (GUAM),**<br><br>            Counter-Defendant. | **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Judge Arthur R. Barcinas upon Plaintiff/Counterdefendant Zhong Ye Inc. (Guam)'s Motion to Enforce Judgment. Attorney Bill R. Mann represents Zhong Ye Inc. (Guam) (hereafter, "Zhong Ye") while Attorney Curtis C. Van de veld represents Defendant/Counterclaimant Pacific K&C Corporation (hereafter, "PKCC"). After reviewing the pleadings and arguments of the parties, for the reasons set forth below, the Court issues the following Decision and Order.

## BACKGROUND

This lawsuit arises from a residential property dispute between Zhong Ye and PKCC regarding the Goring Villa Estates development in Yigo. Goring Villa Estates is owned in fee

simple by Zhong Ye and includes thirty-six residential homes. In July 2011, Zhong Ye contracted with PKCC to manage and market Goring Villa Estates. From July 2011 until July 2014, PKCC was responsible for selling, renting, repairing, maintaining, and managing the residential units on the property.

On July 23, 2014, after the aforementioned contract expired, Zhong Ye sued Pacific K&C for possession, cancellation of instrument, quiet title, declaratory judgment and damages. PKCC answered and counterclaimed. On January 14, 2015, the parties entered mediation and reached a Mediation Agreement. On January 30, 2015, the Court incorporated the Mediation Agreement into its Judgment. Judgment at 5. The Judgment provided that damages would be entered in favor of "the party determined by the Auditor to be owed money by the other party in the amount determined to be owed by the auditor." *Id.* at 2.

On October 22, 2015, the firm Deloitte and Touche, LLP ("Auditor") submitted its Independent Accountants' Report ("Audit Report"). The Audit Report identified and classified PKCC's expenditures into four categories: Groups A, B1, B2, and C. The Audit Report deemed some of PKCC's expenditures (Group A) unreasonable and therefore unsuitable for PKCC to be reimbursed for, while other expenditures (Group C) were deemed reasonable and therefore suitable for reimbursement. Audit Report at 2. Group B1 and B2 expenditures could not be classified. Group B1 expenditures were those which "lack[ed] sufficient supporting documentation, and as such, the propriety or impropriety of the payments cannot be determined." *Id.* Group B2 expenditures were those which "[were] supported by invoices or checks, but lack valid contracts, licenses, tax-related forms or competitive procurement" or which "do not appear to pertain solely to Goring Villa Estates." *Id.*

The Audit Report determined that, for the audit period, PKCC received receipts and other benefits in the total amount of $492,266.33 and that PKCC's Group C (reasonable) expenditures totaled $178,669.78. *Id.* at 1. The Auditor then subtracted PKCC's Group C expenditures from the total receipts and benefits figure, concluding that PKCC owes Zhong Ye $313,596.55. *Id.* However, the Audit Report also noted that "depending on the agreement between the involved parties, disbursements classified . . . as Group B1 and Group B2 of

$166,792.59 and $188,129.30, respectively, may be considered in the calculation of the net reimbursable amount." *Id.* In other words, the $313,596.55 figure did not account for the Group B1 or Group B2 expenditures and did not credit these expenditures to either party.

On June 29, 2017, Zhong Ye filed a Motion to Enforce Judgment, asserting that PKCC had not paid Zhong Ye in accordance with the Audit Report. On October 17, 2017, the Court issued a Decision and Order denying this Motion. The Court declined to adopt the conclusion that PKCC owed Zhong Ye precisely $313,596.55, finding that some expenditures not accounted for in the Audit Report might be appropriate to credit to PKCC. The Court therefore ordered PKCC "to submit all relevant tax information as well as any supporting documentation in Category B1 to the Auditor for re-calculations." Dec. & Order (Oct. 17, 2017) at 8. The Court also ordered PKCC to pay for the cost of any additional work undertaken by the Auditor due to the re-calculations. *Id.* Finally, the Court gave leave to the parties to file any necessary motions regarding the enforcement of the Judgment once the Auditor released a final report. *Id.*

On June 22, 2018, Zhong Ye filed a second Motion to Enforce Judgment, asserting that PKCC had still failed to submit the necessary documentation to the Auditor. Zhong Ye therefore asked the Court to amend the Judgment to unambiguously state that PKCC owed Zhong Ye $313,596.55. Prior to ruling on the Motion, the Court again ordered PKCC to submit all necessary and relevant documents to the Auditor. Order (June 29, 2018) at 1. The Court also warned PKCC that if it failed to produce the ordered documents, the Court may "deem the issue of the amended judgment waived, and may sign the proposed amended judgment presented by [Zhong Ye]. *Id.* at 2. On September 7, 2018, the Court determined that PKCC had indeed submitted additional documents to the Auditor but that the Auditor had not yet processed these documents. Reiterating that it would not entertain a Motion to Enforce Judgment until the Audit Report was complete, the Court denied Zhong Ye's Second Motion to Enforce Judgment as premature.

On September 13, 2019, Zhong Ye filed a third Motion to Enforce Judgment, asserting yet again that PKCC had failed to prove all necessary and relevant documents to the Auditor. Zhong Ye renewed its request for the Court to amend the Judgment. However, Zhong Ye now

proposed an award figure of $248,596.55: this amount represents the Audit Report's $313,596.55 conclusion, less $65,000.00 corresponding to a property sale made by PKCC that was nullified by the Superior Court of Guam. On December 6, 2019, PKCC filed its Opposition and Countermotion to Zhong Ye's third Motion to Enforce Judgment. Zhong Ye's Motion and PKCC's Countermotion were orally argued on December 17, 2019, and subsequently taken under advisement by the Court.

## DISCUSSION

The Court entertains the instant Motion to Enforce Judgment approximately five years after the Mediation Agreement was reached, approximately four years after Judgment was entered, and more than two years after the Court first ordered PKCC to file additional documents with the auditor. In its earlier Decision and Order (Oct. 17, 2017), the Court provisionally declined to accept the Auditor's damages conclusion, holding that PKCC should first have an opportunity to submit supporting documentation to justify some heretofore unclassified expenditures. The Court therefore ordered PKCC "to submit all relevant tax information as well as any supporting documentation regarding disbursements in Category B1 to the Auditor for recalculation." *Id.* at 8. The Court did not impose a submission deadline on PKCC at this time. However, after PKCC failed to act for several months, the Court subsequently reordered PKCC to submit these documents no later than July 9, 2018. Order (June 29, 2018) at 1. The Court additionally warned PKCC that if PKCC failed to submit additional documents by this deadline, the Court might sign an Amended Judgment and might deem PKCC to have waived its arguments against the Amended Judgment. Order (June 29, 2018) at 2.

More than a year later, pursuant to the Declaration of Auditor Daniel S. Fitzgerald, PKCC had still failed to submit any new, relevant documents, instead only submitting documents that were "substantially the same as the documents [PKCC] had previously provided in connection with the preparation of [the] original Report." Decl. Daniel S. Fitzgerald ¶ 5 (Aug. 23, 2019). Mr. Fitzgerald avers that he advised PKCC that these "new" documents would not materially alter the original Audit Report, but PKCC did not respond to this advisement. *Id.*

at ¶ 6-7. Mr. Fitzgerald has therefore indicated that "no additional procedures will be performed and amendments to the [Auditor's Report] will not occur." Decl. Bill R. Mann ex. J (Sept. 13, 2019).

The Court's Decision and Order (Oct. 17, 2017) was never intended to allow PKCC to employ unreasonable dilatory tactics. The Court has given PKCC more than two years to submit additional documents to the Auditor, but PKCC has failed to comply. Although PKCC asserts a variety of legal theories regarding the enforceability of the Judgment, none of these theories claim that the Court-ordered additional documents were privileged, unavailable, or otherwise impracticable for PKCC to produce. Even if PKCC intended to resist enforcement of the Judgment on other legal grounds, the Court sees no compelling reason why PKCC could not have also complied with the Orders to submit additional documents.

It is now clear to the Court that PKCC either cannot or will not submit additional documents. This disrupts the equitable nature of the Court's Decision and Order (Oct. 17, 2017). The previous Decision and Order was predicated on the assumption that PKCC would make a good-faith effort to bring the Audit Report to completion. The Court no longer believes PKCC will make such an effort. The Court therefore finds it appropriate to *sua sponte* reconsider its Decision and Order (Oct. 17, 2017). A trial court has the inherent authority to reconsider its own interlocutory orders at any time. *People v. Gutierrez*, 2005 Guam 19 ¶ 26; *Guam Hous. and Urban Renewal Auth. V. Pac. Superior Enter. Corp.*, 2001 Guam 8 ¶ 13; *see generally Le Francois v. Goel*, 35 Cal.4th 1094 (Cal. 2005).

The Supreme Court of Guam has explained that it is appropriate for a trial court to entertain a party's motion for reconsideration when the trial court: "(1) is presented with new evidence, (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 38. The Court assumes that these same grounds are also appropriate for *sua sponte* reconsideration as well. Here, the Court finds that it has been presented with new evidence. When the Court issued its Decision and Order (Oct. 17, 2017), there was no evidence to suggest that PKCC would fail to diligently comply with the Court's Order to supply additional documents. Clear

evidence to the contrary has now emerged. The Court therefore finds it appropriate to reconsider its holding that the Audit Report is not yet complete.

After further review, the Court recognizes that PKCC has had the exclusive ability to complete the Audit Report for more than two years but has shown no inclination to do this. Accordingly, the Court now holds that PKCC's reasonable opportunity to submit additional documents has expired and that the Audit Report shall be treated as the final accounting of this matter. To the extent this new holding conflicts with the Court's Decision and Order (Oct. 17, 2017), the instant Decision and Order shall control going forward. The Court recognizes that the Audit Report proposes a damages award for Zhong Ye in the amount of $313,596.55. However, Zhong Ye has requested that this award be reduced by $65,000.00 on account of the nullified property sale in the related litigation of *Harper v. Won Sun Min, et al.*, CV0041-16. Mot. Enforce (Sep. 13, 2019) at 5-6. The Court finds it just to grant this request. Subtracting $65,000.00 from the Audit Report's $313,596.55 conclusion, the Court determines that PKCC owes Zhong Ye in the amount of $248,596.55.

The Court's decision today is not an amendment of the Judgment. To the contrary, the Court's decision clarifies and effectuates the written terms of the Judgment. The Judgment provides that "Judgment is entered in favor of the party determined by the Auditor to be owed money by the other party in the amount determined to be owed by the Auditor." Judgment at 2. The Auditor has indicated that (1) Zhong Ye is the party owed money, (2) Zhong Ye is owed $313,596.55, and (3) no further amendments to the Audit Report will occur. The Court's decision today accepts these three propositions, each of which is necessary to complete the Judgment and none of which modifies the terms of the Judgment. The Court does note that its own damages determination is lower than the conclusion in the Audit Report. However, the Court's figure is different from the Audit Report's figure only due to a voluntary request by the party to be awarded. Moreover, the damages reduction is based on events that occurred after the Audit period. Thus, the Court's damages figure does not disturb the factual basis of the Audit Report or its conclusion. Because the Court is effectuating rather than amending the

Judgment, the Court has no need to reach the parties' arguments as to the propriety of amendment under Guam Rules of Civil Procedure (GRCP) 60 and/or 70.

Finally, the Court concludes that PKCC's other defense theories are inscrutable and/or redundant in view of the Court's prior Decisions and Orders. However, the Court will address two of PKCC's theories that appear new to this litigation. First, PKCC asserts that the Declaration of Won Sun Min (Jul. 19, 2018) shows the intention of the parties at the time the Judgment was entered. Opposition at 3. PKCC claims that this Declaration stands for the proposition that the parties agreed that all Group B1 and Group B2 expenditures would be credited in favor of PKCC. *Id.* The Court has thoroughly reviewed this Declaration and can find no text in it that directly, or even inferentially, supports PKCC proposition. The Court notes that PKCC does not quote from the Declaration and does not provide a pin cite to the text of the Declaration that allegedly supports this claim. The Court finds that the Declaration of Won Sun Min is not sufficient evidence for a finding that the parties intended all Group B disbursements to be credited to PKCC. The Court will therefore decline to grant PKCC's claim that PKCC is the appropriate judgment creditor in this action.

Second, PKCC argues that Zhong Ye is equitably estopped from "disavowing the obligations of the audit and then seeking to enforce and amend it unilaterally." Opposition at 4. PKCC's equitable estoppel claim appears to derive from its assertion that Zhong Ye "disavowed" the Judgment in the course of litigation in the *Harper* litigation. PKCC asks the Court to take judicial notice of the recent Findings of Fact and Conclusions of Law (Dec. 6, 2019) from *Harper*. The Court will grant PKCC's request for judicial notice, pursuant to Guam Rules of Evidence (GRE) 201(b)(2) and 201(d). Upon reviewing the *Harper* Findings and Conclusions, the Court sees that (1) on June 1, 2013, PKCC sold a home to Mr. Harper without receiving Zhong Ye's authorization to do so; (2) PKCC knew at the time of sale that the property was unmarketable on account of a Lis Pendens on the property; (3) PKCC received $69,000 in down payments from Mr. Harper, and (4) PKCC never tendered any of this money to Zhong Ye nor returned it to Mr. Harper. *Id.* at 4-6. There does not appear to be any finding by the *Harper* court that Zhong Ye used the Judgment in the case at bar to escape liability in

that case. Indeed, PKCC fails to point the Court to any specific text in the *Harper* decision that supports its equitable estoppel claim. It is therefore unclear to the Court what analytical work PKCC intends the *Harper* decision to do for this claim.

Furthermore, the Court finds no basis to accept PKCC's characterization that Zhong Ye's "disavowal of the judgment . . . exposed PKCC to a judgment in favor of Harper . . . again contrary to the audit report obligation of [Zhong Ye]." Opposition at 4. The Court does not read the Judgment to either explicitly or implicitly require Zhong Ye to hold PKCC harmless in litigation arising from PKCC's unauthorized property sale. Nor does the Court read the Audit Report to impart any such obligation on Zhong Ye. The Court finds PKCC's equitable estoppel claim too vague to further analyze. The Court therefore rejects PKCC's contention that Zhong Ye is equitably estopped from enforcing the Judgment.

## CONCLUSION

For the reasons set forth above, the Court reconsiders its Decision and Order (Oct. 17, 2017) *sua sponte* and now accepts the Audit Report as the complete and final accounting of this matter. The Court additionally finds no merit in PKCC's defense or counterclaim theories. Zhong Ye's Motion to Enforce Judgment is therefore **GRANTED.** PKCC's Countermotion to Enforce Judgment is **DENIED.**

PKCC is **ORDERED** to pay Zhong Ye in the amount of $248,596.55 within seven (7) days of this Decision and Order, as contemplated in Paragraph 8 of the Mediation Agreement as incorporated into the Judgment.

IT IS SO ORDERED _____ **MAR 1 6 2020** _____ .

I ackn.. .ie that .
original h.. .to was placed in the
court box of:
Berman,
VanDavid
Date: 3/16/20 Time: 4:30

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**